Argued and submitted December 21, 1990, reversed and remanded for new trial
May 15, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM HENRY WOODWARD,
*Appellant.*

(89C-21062; CA A62567)

810 P2d 1330

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Riggs, J., dissenting.

## WARREN, P. J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He assigns error to the trial court's denial of his motion to suppress, arguing that the police unlawfully searched him during the execution of a search warrant at another person's home. We reverse.

On May 20, 1989, uniformed police executed a search warrant authorizing a search of a particular residence and "all occupants within said residence" for drugs and drug related items. When they arrived, they found Harden apparently in the process of selling methamphetamine to Wise. While they were executing the warrant, the telephone rang "consistently" and several people stopped by. Harden kept trying to warn callers and visitors that the police were there, and the police eventually took him to jail. The police found property belonging to several different people in the apartment.

After the police had taken Harden away, defendant walked into the apartment without knocking and asked an officer for "Shorty," Harden's nickname. The informant on whose information the affidavit for the warrant was based had never mentioned defendant, and the officer who had had the apartment under surveillance had never seen him before. An officer put defendant in handcuffs and patted him down, but did not find anything. The officer asked defendant what he was doing there, and he said that he had come to pay Shorty for some work that he had done. The officers had defendant sit down for several minutes, then searched him more thoroughly. They found methamphetamine in a blue plastic container. The trial court concluded:

> "Well, I find that the stop and arrest was [sic] proper, and there was reasonable suspicion that a crime had been committed. The search warrant was still in effect, and [the officer] was still in the process of executing same when the Defendant came on the scene. And there was probable cause that he was committing the crime by coming on the scene, so the Motion to Suppress is denied."

The state argues that the police were entitled to search defendant under the warrant as an "occupant" of the

apartment.[1] An "occupant" is "one who occupies a particular place; *esp:* RESIDENT." *Webster's New Collegiate Dictionary* 794 (1974). To "occupy" is "to take or hold possession of" or "to reside in as an owner or tenant." *Webster's New Collegiate Dictionary* 794 (1974). Although defendant had walked into the apartment without knocking, his conduct was otherwise not consistent with that of an occupier of the place. The police here had insufficient justification to treat defendant as an occupant.

■     Alternatively, the state argues that defendant was lawfully searched incident to arrest for delivery of a controlled substance, ORS 475.992(1), or for frequenting a place where controlled substances are used. ORS 167.222. The search was not incident to a lawful arrest, because the police did not have probable cause to arrest. *See State v. Owens,* 302 Or 196, 729 P2d 524 (1986). They had no individualized suspicion that defendant was engaging in drug activities. *Compare State v. Groda,* 285 Or 321, 591 P2d 1354 (1979). Furthermore, they could not lawfully arrest him for frequenting a "drug house" without at least some indication that he was aware of some illegal activity being conducted in it and had some authority to forbid it. *State v. Anderson,* 95 Or App 178, 768 P2d 427 (1989); *State v. Pyritz,* 90 Or App 601, 752 P2d 1310 (1988).

The search violated Article I, section 9, of the Oregon Constitution, and the trial court erred in denying defendant's motion to suppress.

Reversed and remanded for a new trial.

**RIGGS, J.,** dissenting.

I do not agree that defendant was unlawfully searched incident to arrest for delivery of a controlled substance, ORS 475.992(1), or frequenting a place where controlled substances are used. ORS 167.222. I also do not agree that the police could not reasonably conclude that defendant was an occupant of the premises and was, therefore, within the scope of the search warrant.

---

[1] Defendant does not argue that the scope of the warrant was too broad or that the description of the persons to be searched was not particular. *See State v. Ingram,* 104 Or App 389, 802 P2d 656 (1990), *rev allowed* 311 Or 266 (1991).

As defendant acknowledges in his brief, he walked into Harden's apartment without knocking, while the police were executing a warrant to search the premises. The police already had discovered items that apparently belonged to persons other than Harden, and it was not unreasonable to conclude that more than one person was occupying the premises. The majority opinion contains other facts that I believe could have led reasonable police officers to conclude that the Harden residence was a place where controlled substances were kept and sold.

Defendant does not attack the scope of the warrant or the lack of particularity of the descriptions of the persons to be searched. The police were not required to believe defendant's protestations that he was merely a visitor, especially in the light of the familiar manner with which he entered the premises. That, coupled with the officers' experience that people who enter premises during execution of search warrants are often untruthful about their identity and connection with the premises, makes the search reasonable as incident to arrest based either on probable cause for "delivery" *or* "frequenting" *or* pursuant to the search warrant.

As LaFave sums up the law in this area:

"At first blush, [cases allowing the search of a person who enters premises during the execution of a warrant] would seem to be in error for the reason that a person entering could hardly be believed to have the objects which the search warrant affidavit establishes are probably already within the premises. But where the search warrant is not for one specific object (*e.g.,* a stolen diamond ring) but rather for a type of goods (*e.g.,* narcotics, gambling paraphernalia) which are likely present because of ongoing criminal activity involving such goods, there is no inherent inconsistency in asserting that the person entering during the search may have the described goods on his person.

"In *Ybarra* [*v. Illinois,* 444 US 85, 100 S Ct 338, 62 L Ed 2d 128 (1979)], the Court concluded that on the facts there present probable cause to search the customers [of a tavern] was lacking. The Court properly stressed that the search warrant affidavit made no mention of involvement by any patrons of the bar and that upon police entry 'Ybarra made no gestures indicative of criminal conduct, made no movements that might suggest an attempt to conceal contraband,

and said nothing of a suspicious nature to the police officers.' *Ybarra* is an easy case in the light of those facts *and* another factor not mentioned by the Court: because the premises were a public place then open for business, the police did not have to give notice prior to entry and thus there was no reason to believe that occupants of the premises were engaged in an attempt to thwart successful execution of the warrant by concealing the heroin on their persons prior to the police entry. Without suggesting that the probable cause required by *Ybarra* is inevitably present when the warrant *is* for private premises and the requisite notice is given prior to entry, it is fair to say that such a case does necessitate a somewhat different assessment than was permissible on the facts of *Ybarra*. But the requisite probable cause is most likely to be deemed present if the person searched lives at the place searched, engaged in suspicious or incriminating conduct, or was found in immediate proximity to contraband in open view." 1 LaFave, *Search and Seizure* 295, § 4.9(c) (2d ed 1987). (Emphasis in original.)

For these reasons, I dissent.